IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PARRY FARMS, LLC and MICHAEL SORENSON,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:11-cv-0831 CW<br><br>Judge Clark Waddoups |

Before the court is Plaintiff's motion for default judgment against Defendant Parry Farms, LLC ("Parry Farms").  (Dkt. No. 9.)  For the reasons stated below, this court DENIES Plaintiff's motion without prejudice.

BACKGROUND

Plaintiffs filed a complaint against Defendants Parry Farms, LLC and Michael Sorenson on September 13, 2011, seeking a judgment for an administrative civil penalty imposed by the Environmental Protection Agency ("EPA") against Parry Farms.  The complaint also alleged that Mr. Sorenson was the alter ego of Parry Farms and should be held jointly and severally liable for the civil penalty.

Both defendants were properly served with the complaint by the U.S. Marshalls.  On October 19, 2011, Mr. Sorenson filed a *pro se* answer on his own behalf.  Parry Farms, however,

has failed to make a timely response.[1]  Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of the Court entered a default certificate against Parry Farms on November 15, 2011.  Plaintiff now seeks a default judgment against Parry Farms, in the amount of the civil penalty.

ANALYSIS

When action is brought against more than one defendant, Rule 54(b) of the Federal Rules of Civil Procedure only permits the entry of a final judgment against fewer than all the defendants upon an express determination that there is "no just reason for delay."  Fed. R. Civ. P. 54(b).  In the Tenth Circuit, such a determination cannot be made where the entry of a default judgment against one defendant creates a risk of an inconsistent judgment against the remaining defendants.  *See Hunt v. Inter-globe Energy, Inc.*, 770 F.2d 145 (10th Cir. 1985) (citing *From v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)).  "[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."  *Hunt*, 770 F.2d at 147.  "[J]ust as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors."  *Id*. at 148.  The same principle applies where multiple defendants have closely related defenses.  *See Wilcox v. Raintree Inns of Am.*, No. 94-1050, 1996 U.S. App. Lexis 1501, at *7-8 (10th Cir. Feb. 2,

---

[1] While Mr. Sorenson's *pro se* answer appears to have responded to claims against Parry Farms, as well as to claims against himself personally, the rules of this court require that corporations be "represented by an attorney that is admitted to practice in this court."  DUCiv.R 83-1.3(c). Because Mr. Sorenson is not an attorney admitted to this court, he cannot represent Parry Farms in this matter.

1996) (unpublished) ("The *Frow* rule is also applicable in situations where multiple defendants have closely related defenses.").

If Plaintiff were to succeed on its claims against both Mr. Sorenson and Parry Farms, the defendants would be held jointly and severally liable for the civil penalty. *See* Complaint, 7 (Dkt. No. 2.) Furthermore, Mr. Sorenson's defense, while not identical, is closely related to Parry Farms'. Plaintiff's alter ego theory is dependant on a finding that Parry Farms is liable for the civil penalty imposed against it. Mr. Sorenson's defense will likely mirror any defense Parry Farm's might have had against the underlying claim. Were the court to enter a default judgment against Parry Farms at this early stage, before the merits of the case have been determined, there would be a real risk of inconsistent judgments being imposed against Mr. Sorenson and Parry Farms. Such a risk prevents the court from making the Rule 54(b) determination that there is no just cause for delay. Therefore, the court cannot enter a default judgment against Parry Farms at this time.

## CONCLUSION

For the reasons stated above, the court hereby DENIES Plaintiff's motion for default judgment against Defendant Parry Farms without prejudice.

DATED this 6th day of February, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge